Filed 1/30/25  P. v. Briceno CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063559 |
| v. | (Super. Ct. No. 00NF3394) |
| ALBERT FRANCISCO BRICENO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Remanded with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette

C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

*      *      *

THE COURT:[*]

Defendant Albert Francisco Briceno appeals the trial court's denial of his petition to recall his sentence and resentence him, pursuant to Penal Code section 1172.75.[1] Defendant argues he is entitled to be resentenced on his now invalid section 667.5, subdivision (a) prior prison term enhancement. The Attorney General argues defendant is not entitled to resentencing because the trial court struck the section 667.5 enhancement. We agree with defendant and reverse and remand for resentencing.

PROCEDURAL HISTORY

In 2001, a jury convicted defendant of four counts of second degree robbery (§§ 211, 212.5, subd. (c), 213, subd. (a)(2); counts 1–4) and four counts of street terrorism (§ 186.22, subd. (a); counts 5–8). The jury found true the allegation that counts 1–4 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The trial court found true the allegations that defendant had two serious felony prior convictions (§§ 667, subd. (d), (e)(2), 1170.12, subd. (b), (c)(2)) and had served a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced defendant to a total term of 150 years to life, consisting of four consecutive terms of 25 years to life on counts 1–4; consecutive terms of 10 years for each of the four gang enhancements; and

---

[*]  Before O'Leary P. J., Moore, J., Sanchez, J.

[1]  All further statutory references are to the Penal Code unless otherwise stated.

2

two consecutive terms of five years for the two serious felony priors. The court stayed execution of sentence on counts 5, 6, 7, and 8 under section 654. Additionally, the court imposed but struck the section 667.5, subdivision (b) enhancement for purposes of sentencing.

Defendant's sentence was later recalled under former section 1170, subdivision (d).[2] On resentencing, the court sentenced defendant to a total of 25 years to life plus two years for the gang enhancement on count 1 and a determinate term of 23 years, four months on counts 2, 3, and 4. The court reduced counts 2, 3, 4, 5, 6, 7 and 8 to "second strike" counts for purposes of Three Strikes sentencing. The court again stayed execution of sentence on counts 5, 6, 7, and 8 under section 654 and imposed but struck the section 667.5, subdivision (b) enhancement.

In 2010, after direct appeals and grant of habeas corpus relief by the Ninth Circuit Court of Appeals, the trial court resentenced defendant a second time. The court struck the gang enhancements on counts 1, 2, 3, and 4 but otherwise imposed the same sentence.

In 2023, defendant filed a petition for recall of sentence pursuant to section 1172.75 and declared in his petition that his "name and case number appear on the . . . list provided by the [Department of Corrections and Rehabilitation] to the Court, District Attorney, and Public Defender." The trial court declined to recall defendant's sentence "because all related enhancements were either stayed or stricken at time of sentencing." The trial court, relying on the reasoning in *People v. Rhodius* (2023) 97 Cal.App.5th 38,

---

[2] Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75. (Stats. 2022, ch. 58, § 12). There are no substantive changes to the statute.

42, review granted February 21, 2024, S283169, concluded, "[T]he ambiguous [term] 'imposed' was shorthand for 'imposed and executed'" because section 1172.75, subdivision (d)(1), which requires the sentence to be lessened, would otherwise "not make sense . . . ."

## DISCUSSION

Effective January 1, 2022, section 1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." The question before us is whether section 1172.75 entitles defendant to a resentencing hearing where his prior prison terms were stricken for the purposes of sentencing.

### A. Standard of Review

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning . . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

4

*B. Analysis*

Analysis of the statute and its legislative history leads us to conclude that section 1172.75 applies to enhancements, like defendant's, which were stricken for purposes of sentencing, not just those that were imposed and executed.

First, the plain language of section 1172.75 does not limit its application solely to those defendants whose enhancements were executed. Rather, the statute requires identification of "those persons in . . . custody currently serving a term for a judgment that includes an [invalid] enhancement . . . ." (§ 1172.75, subd. (b).) Thus, the fact that the Legislature did not require that section 1172.75 apply only to those defendants actually serving a sentence for the enhancement indicates the Legislature did not intend to restrict relief to those defendants whose sentences have been both imposed and executed. This position is consistent with cases which have concluded that section 1172.75 applies to enhancements which have been imposed but stayed. (See, e.g., *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted Feb. 21, 2024, S283189.) As the *Christianson* court noted, "[I]f the Legislature . . . intended to limit section 1172.75 only to those individuals [who] were currently serving an additional term based on the enhancement, it had the ability to do so. (*Id.* at p. 313.)

Second, applying section 1172.75 to enhancements which were stricken for purposes of sentencing comports with the Legislature's express intent in "'*reducing* sentences'" and ameliorating "'existing racial and socio-economic disparities in our criminal justice system.'" (*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277, review granted Mar. 12, 2024, S283547.) When an enhancement has been found true, it becomes part of the judgment and must be addressed as part of the sentencing process. Even where the

5

court strikes the enhancement for purposes of sentencing, as here, it may later be imposed and executed so that the defendant serves an additional term of imprisonment, contrary to the Legislature's intent in reducing sentences.

Additionally, we agree with the sole published case to address this issue, which concluded that section 1172.75 applies to enhancements which were stricken at sentencing. (*People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987.) We agree with the *Espino* majority that there is no articulable reason to differentiate between section 667.5 enhancements which have been executed, stayed, or stricken for purposes of sentencing. In each of these cases, the judgment contains a now-invalid enhancement for a prior prison term, regardless of how the court originally addressed such enhancement.

Accordingly, the plain language of the statute, legislative intent, and published case law support the conclusion that defendants subject to now-invalid section 667.5, subdivision (a) enhancements are entitled to a resentencing hearing, regardless of whether the enhancement was imposed. We therefore reverse the trial court's order denying defendant's request for resentencing.

## DISPOSITION

The postjudgment order denying defendant's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

6